# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Melissa Dietz, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:20-cv-2278 |
| Med-1 Solutions, LLC, an Indiana limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT – CLASS ACTION

Plaintiff, Melissa Dietz, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts here.

## PARTIES

3. Plaintiff, Melissa Dietz ("Dietz"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services to Community Health Network.

4. Defendant, Med-1 Solutions, LLC ("Med-1"), is an Indiana limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Med-1 operates a defaulted debt collection business, and attempts to collect debts from consumers in several states, including consumers in the State of Indiana. In fact, Med-1 was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Med-1 is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Med-1 conducts business in Indiana.

6. Defendant Med-1 is licensed as a debt collection agency in the State of Indiana, see, record from the NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7. Defendant Med-1 sent Ms. Dietz an initial form collection letter, dated November 4, 2019, demanding payment of a defaulted consumer debt she allegedly owed for medical services to Community Health Network. This collection letter contained the notice required by § 1692g of the FDCPA of her "validation rights", i.e., that she had 30 days to dispute the debt, etc.. Moreover, this letter made it appear to have been sent by attorney, Richard R. Huston. A copy of this letter is attached as Exhibit C.

8. Inexplicably, that same day, Defendant sent Ms. Dietz another form collection letter, which also demanded payment for the same defaulted debt that she

2

allegedly owed to Community Health Network. This collection letter made it appear that it was coming from another attorney, Christina Hanna. Moreover, this letter stated that "[W]e have previously sent you a letter notifying you of this account and your rights under the Fair Debt Collection Practices Act. To date, we have not had resolution on this account". A copy of this letter is attached as Exhibit D.

9. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). The collection demands in the letter allegedly sent by attorney Hanna overshadowed, and thus rendered ineffective, the statutorily-required information about how long she had to exercise her validation rights. This is material information that would play a role in her decision of what to do about the collection of the debt at issue. Furthermore, these letters make it appear that two attorneys were after her and that the matter was extremely serious.

10. In fact, Defendant's "dueling" collection letters confused, alarmed and upset Plaintiff.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g –**
**Ineffectively Conveying the 30-Day Validation Notice**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692g(a) of the FDCPA requires that a debt collector send the consumer an effective validation notice within 5 days after the debt collector's initial communication with the consumer; among other information, the debt collector must notify the consumer that he or she has 30 days after receipt of the notice to challenge the validity or amount of the debt, and seek verification of it, see, 15 U.S.C. § 1692g(a). Moreover, § 1692g(b) of the FDCPA requires that a debt collector refrain from any collection activities and communications during the 30-day validation period which would overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692g(b).

15. Defendant's letters did not effectively convey the 30-day validation notice. Although one of the collection letters had a validation notice, Defendant made this notice ineffective by sending Plaintiff another collection letter, dated the same day, demanding payment of the same debt and making it appear – by stating Ms. Dietz was previously notified of the debt and her rights, but Defendant had not yet had resolution of the account -- that the time to seek validation was over. Defendant's form collection letters thus violate § 1692g of the FDCPA, see, Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997). In fact, Defendant's conflicting collection demands caused Ms. Dietz to not seek validation of her debt.

16. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation of § 1692e(3) of the FDCPA --
### False Representation of Attorney Involvement

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. More specifically, § 1692e(3) of the FDCPA prohibits the false representation or implication that any individual is an attorney or any communication is from an attorney, see, 15 U.S.C. § 1692e(3)

19.     An attorney sending dunning letters must be directly and personally involved in the mailing of such letters, see, Avila v. Rubin, 84 F.3d 222, 228-229 (7th Cir. 1995); Boyd v. Wexler, 275 F.3d 642 (7th Cir. 2001); and Nielsen v. Dickerson, 307 F.3d 623, 635 (7th Cir. 2002). Specifically, Defendant's letters are on letterhead which makes it appear as though the letters are coming from attorneys; Defendant's letters, however, are mass-produced, form dunning letters. No attorney was personally involved in the decision to send the letters that were sent to Plaintiff. Thus, the collection letters create the false and misleading impression that it was communication from an attorney, in violation of § 1692e(3) of the FDCPA.

20.     Defendant's violations of § 1692e(3) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

21.     Plaintiff, Melissa Dietz, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt allegedly owed for medical services to

Community Health Network, via the same form collection letters (Exhibits C and D), sent within 30 days of each other, that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

22. Defendant regularly engages in debt collection, using the same form collection letters they sent Plaintiff Dietz, in its attempts to collect defaulted consumer debts from other persons.

23. The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts, by sending other consumers the same form collection letters it sent Plaintiff Dietz.

24. Plaintiff Dietz's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26. Plaintiff Dietz will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Dietz has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Melissa Dietz, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Dietz as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letters violated the FDCPA;

4. Enter judgment in favor of Plaintiff Dietz and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Melissa Dietz, individually and on behalf of all others similarly situated, demands trial by jury.

          Melissa Dietz, individually and on behalf of all others similarly situated,

          By:/s/ David J. Philipps_____
          One of Plaintiff's Attorneys

Dated:  August 31, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com