**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Melissa Dietz, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:20-cv-2278-JPH-DLP |
| Med-1 Solutions, LLC, an Indiana limited liability company, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**AMENDED COMPLAINT – CLASS ACTION**

Plaintiff, Melissa Dietz, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts here.

**PARTIES**

3.      Plaintiff, Melissa Dietz ("Dietz"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services to Community Health Network.

4.      Defendant, Med-1 Solutions, LLC ("Med-1"), is an Indiana limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Med-1 operates a defaulted debt collection business, and attempts to collect debts from consumers in several states, including consumers in the State of Indiana. In fact, Med-1 was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant Med-1 is authorized to conduct business in Indiana, and maintains a registered agent here, <u>see</u>, record from the Indiana Secretary of State, attached as Exhibit <u>A</u>.  In fact, Defendant Med-1 conducts business in Indiana.

6.      Defendant Med-1 is licensed as a debt collection agency in the State of Indiana, <u>see</u>, record from the NMLS Consumer Access, attached as Exhibit <u>B</u>.  In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.      Defendant Med-1 sent Ms. Dietz two form collection letters, both dated November 4, 2019, demanding payment of the same defaulted consumer debt she allegedly owed for medical services to Community Health Network. These collection letters were purportedly sent by attorneys, Richard R. Huston and Christina Hanna, each of whom is identified as an "Attorney At Law" in both the heading/ letterhead and the signature block of the letter. Copies of these letters are attached as Group Exhibit <u>C</u>.

8.      On information and belief, neither Mr. Huston, nor Ms. Hanna, were directly or personally involved in the mailing of the letters sent to Ms. Dietz, which is

evidenced, at least in part, by the fact that they each sent her a different form collection letter to collect the same debt on the same day.

9.    Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). These letters make it appear that two attorneys were after Ms. Dietz and that the matter was extremely serious: "[A]n unsophisticated consumer, getting a letter from and 'attorney' knows the price of poker her has just gone up"; a letter from an attorney will "get a debtor's knees knocking", see, Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996). This is material representation that would play a role in Ms. Dietz's, or any consumer's, decision of what to do about the collection of the debt at issue.

10.    In fact, Defendant's attorney collection letters confused, alarmed and upset Plaintiff.

11.    Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12.    Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation of § 1692e(3) of the FDCPA --**
**False Representation of Attorney Involvement**

13.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. More specifically, § 1692e(3) of the FDCPA prohibits the false

representation or implication that any individual is an attorney or any communication is from an attorney, see, 15 U.S.C. § 1692e(3)

14.     An attorney sending dunning letters must be directly and personally involved in the mailing of such letters, see, Avila v. Rubin, 84 F.3d 222, 228-229 (7th Cir. 1995); Boyd v. Wexler, 275 F.3d 642 (7th Cir. 2001); and Nielsen v. Dickerson, 307 F.3d 623, 635 (7th Cir. 2002). Specifically, Defendant's letters are on letterhead which makes it appear as though the letters are coming from attorneys; Defendant's letters, however, are mass-produced, form dunning letters. No attorney was personally involved in the decision to send the letters that were sent to Plaintiff. Thus, the collection letters create the false and misleading impression that they were communications from an attorney, when, in fact, no attorney was directly and personally involved in the mailing of either collection letter (Exhibits C and D), in violation of § 1692e(3) of the FDCPA.

15.     Defendant's violations of § 1692e(3) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

16.     Plaintiff, Melissa Dietz, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt allegedly owed for medical services to Community Health Network, via either of the form collection letters (Exhibits C and D), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

17. Defendant regularly engages in debt collection, using the same form collection letters they sent Plaintiff Dietz, in its attempts to collect defaulted consumer debts from other persons.

18. The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts, by sending other consumers the same form collection letters it sent Plaintiff Dietz.

19. Plaintiff Dietz's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21. Plaintiff Dietz will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

Moreover, Plaintiff Dietz has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Melissa Dietz, individually and on behalf of all others similarly situated, prays that this Court:

1.    Certify this action as a class action;

2.    Appoint Plaintiff Dietz as Class Representative of the Class, and her attorneys as Class Counsel;

3.    Find that Defendant's form collection letters violated the FDCPA;

4.    Enter judgment in favor of Plaintiff Dietz and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Melissa Dietz, individually and on behalf of all others similarly situated, demands trial by jury.

Melissa Dietz, individually and on behalf of all others similarly situated,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  October 16, 2020

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2020 a copy of the foregoing **Amended Complaint – Class Action** was filed with the District Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

### SERVICE LIST

Nicholas Moline                              nicholas.moline@med1solutions.com
Med-1 Solutions, LLC
517 U.S. Highway 31 North
Greenwood, Indiana 46142

Nicholas W. Levi                             nlevi@k-glaw.com
Jackson L. Schroeder                         jschroeder@k-glaw.com
Kightlinger & Gray, LLP
211 North Pennsylvania Street
One Indiana Square
Suite 300
Indianapolis, Indiana 46204

John T. Steinkamp                            john@johnsteinkampandassociates.com
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227

/s/ David J. Philipps_____
David J. Philipps     (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com