UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA DIETZ, Individually and on behalf of all others similarly situated )<br><br>Plaintiff )<br><br>vs. )<br><br>MED-1 SOLUTIONS, LLC an Indiana limited liability company )<br><br>Defendant ) | CASE NO. 1:20-cv-02278-JPH-DLP |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO CITE ADDITIONAL AUTHORITY**

On January 14, 2022, Plaintiff, Melissa Dietz ("Dietz"), moved this Court for leave to cite additional authority of *Persinger v. Southwest Credit Sys.*, 20 F.4th 1184 (7th Cir. 2021), in support of her motion for summary judgment. Defendant, Med-1 Solutions, LLC ("Med-1"), by and through its undersigned counsel, respectfully submits this response to Dietz's motion for leave to cite additional authority.

In *Persinger*, the Seventh Circuit concluded that Persinger, a debtor, had standing to sue Southwest Credit Systems, LP, a creditor, for its violation of 15 U.S.C. § 1681b(f) of the Fair Credit Reporting Act ("FCRA"), which requires "that a person shall not use or obtain a consumer report without a permissible purpose." *Id.* at 1190. Persinger argued that Southwest Credit Systems, LP improperly accessed her credit report, and specifically her "propensity-to-pay score," after she filed for bankruptcy." *Id.* at 1189. The Court concluded that an unauthorized inquiry into a consumer's

1

propensity-to-pay score was analogous to the common law claim tort of intrusion upon seclusion, and thus, a concrete injury for purposes of standing. *Id.* at 1192, 1193.

However, to the extent that Dietz relies on *Persinger* to provide support for her motion for summary judgment, the Seventh Circuit's recent opinion actually cuts in the opposite direction. First, the Seventh Circuit's opinion in *Persinger* forecloses any argument that Dietz sustained a concrete injury on the basis that Med-1's actions caused her to "experience physical manifestations of stress." *Id.* at 1191 ("Even if stress can be fairly labeled a dignitary harm, it is not a concrete injury.").

Further, Dietz cites *Persinger* to argue that Med-1's transmission of its letters which indicated "attorneys were involved in the collection of her debt, when, in fact, no attorney was meaningfully involved, was a violation of the FDCPA's prohibition of false statements made in connection with the collection of a consumer debt, which is akin to the tort of common law fraud." [Dietz's Motion for Leave, ¶ 5] Yet, Dietz ignores the critical fact that common law fraud, and her claim for violation of § 1692e of the FDCPA, require that she acted in reliance of Med-1's purported false or misleading statements to her detriment with regard to her decision to pay the debt at issue or file for bankruptcy. By contrast, Persinger established she suffered a concrete injury because "[a]n unauthorized inquiry into a consumer's propensity-to-pay score is analogous to the unlawful inspection of one's mail, wallet, or bank account," and thus pairs well with the common law analog of intrusion upon seclusion. *Persinger*, 20 F.4th at 1192.

2

Additionally, *Persinger* involved a statutory violation of the FCRA that, in and of itself, constituted a concrete injury. Specifically, in *Persinger*, the Court recognized that "some FCRA violations may qualify as concrete harms." *Id.* at 1193. For example, the harm that accompanies a statutory violation of § 1681f(b) "is closely related to—if not the same as—a harm that has traditionally been regarded as providing a basis for a lawsuit: intrusion upon seclusion." *Id.* By contrast, a violation of § 1692e of the FDCPA, standing alone, is insufficient to confer standing; a consumer must demonstrate that the misleading communication caused them to act to their detriment. *See Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 286 (7th Cir. 2020).

While *Spokeo* and *Ramirez* require that an alleged harm have a "close relationship 'in kind, not degree'" to a common law tort, at the very least, Dietz must make a showing of the essential elements of common law fraud in order to argue that it is an appropriate analog for the harm she allegedly sustained. *Cf. Persinger*, 20 F.4th at 1193 (setting for the record which supported Persinger's claim of standing) ("She testified that Southwest invaded her privacy when it reviewed her credit information.").[1] However, as argued in Med-1's brief in support of its motion for

---

[1] Med-1 also notes that in *Persinger*, the consumer alleged in her Complaint that Southwest's actions caused her dignitary harm. *Id.* at 1190. A privacy harm, such as intrusion upon seclusion, is a form of dignitary harm. Unlike in *Persinger*, Dietz's Complaint did not allege that Med-1's actions were akin to the common law tort of fraud. Instead, Dietz merely stated that "[Med-1's] 'dueling' collection letters confused, alarmed and upset Plaintiff." [Complaint, ¶ 10]

summary judgment, Dietz's contention that she suffered a concrete injury as a result of Med-1's actions is without adequate support in the factual record. Consequently, Dietz does not have standing to pursue her claim in this Court.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By   s/ *Colleen M. Morrison*
Nicholas W. Levi (24278-53)
Colleen M. Morrison (36909-49)
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2022, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system, including:

David J. Philipps – davephilipps@aol.com
Mary E. Philipps – mephilipps@aol.com
Angie K. Philipps – angie@philipps@aol.com
PHILIPPS & PHILIPPS, LTD
9760 S. Roberts Road
Suite One
Palos Hills, IL 60465

s/ *Colleen M. Morrison*
Colleen M. Morrison
Attorney for Defendant

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
Telephone: 317-638-4521
Email: nlevi@k-glaw.com
Email: cmorrison@k-glaw.com

200734\61783658-1

4